**UNITED STATES of America**

v.

**Wade STEDT Defendant**

**No. 04–CR–26–P–S.**

United States District Court, D. Maine.

May 26, 2004.

Henry I. Shanoski, Campbell & Associates PA, Peter E. Rodway, Rodway & Horodyski, Portland, ME, for Wade Stedt (1).

Darcie N. Mcelwee, U.S. Attorneys Office, Portland, ME, for USA.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

SINGAL, Chief Judge.

Before the Court is Defendant's Motion to Dismiss Indictment (Docket # 30). For the reasons explained below, the Court DENIES the Motion.

## I. BACKGROUND

The indictment at issue charges Wade Stedt with one count of unlawful possession of firearms in violation of 18 U.S.C. § 922(g)(9). The indictment specifically alleges that Stedt was prohibited from possessing firearms as a result of having been convicted of a misdemeanor crime of domestic violence and cites an October 26, 1993 conviction for Assault in Aroostook County Superior Court. According to Defendant's Motion, "[t]he Judgment and Commitment entered by the Court [in connection with the assault conviction] did not order Defendant to forfeit any firearms to the State or take away his right to possess firearms." (Def.'s Mot. at 2.) As a result of the assault conviction, Defendant was sentenced to seven months in county jail, with all but seven days suspended, and an additional one year of probation. (*See* Def.'s Mot. Ex. 1.)

The federal statute defining which convictions qualify as misdemeanor crimes of domestic violence states, in relevant part:

A person shall not be considered to have been convicted of [a misdemeanor crime of domestic violence] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or *has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)* unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33)(B)(ii) (emphasis added). In this case, both the Government and the Defendant agree that Stedt's assault conviction did not cause him to lose his civil rights since Maine law does not deprive misdemeanants of their civil rights.[1]

---

1. Within this Order, the Court's references to "civil rights" encompass "the right to vote, the right to seek and hold public office, and the right to serve on a jury." *United States v. Caron*, 77 F.3d 1, 2 (1st Cir.1996) (en banc).

## II. DISCUSSION

Defendant's Motion asks the Court to resolve the following question: Can a misdemeanor conviction for which a defendant suffered no loss of civil rights be considered a "misdemeanor crime of domestic violence" pursuant to the statutory definition contained in 18 U.S.C. § 921(a)(33)?

Defendant urges the Court to answer this question in the negative by relying on the First Circuit's decision in *United States v. Indelicato*, 97 F.3d 627 (1st Cir. 1996), *cert. denied*, 519 U.S. 1140, 117 S.Ct. 1013, 136 L.Ed.2d 890 (1997).[2] In *Indelicato*, the First Circuit was faced with the question of whether a conviction for which a defendant suffered no loss of civil rights be considered a "crime punishable by imprisonment for a term exceeding one year" pursuant to 18 U.S.C. § 921(a)(20). *See id.* at 628–29. In relevant part, section 921(a)(20) provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for [a crime punishable by imprisonment for a term exceeding one year]." 18 U.S.C. § 921(a)(20). Like Stedt, the defendant in *Indelicato* had been convicted of assault and battery but never was subjected to a loss of his civil rights as a result of his conviction. The First Circuit aptly framed the issue as "whether the 'civil rights restored' provision in section 921(a)(20) protects one who, like Indelicato, never had his civil rights taken away at all." *Indelicato*, 97 F.3d at 629. Finding no basis for treating convicted persons who never lost their civil rights differently than those convicted persons who lost their civil rights

and subsequently had them restored, the First Circuit concluded that Indelicato's civil rights "should be treated as restored for purposes of the federal statute." *Id.* at 631. Thus, the First Circuit vacated Indelicato's conviction for violating 18 U.S.C. § 922(g)(1) and essentially held that his assault and battery conviction did not prohibit him from possessing firearms.

In response to Defendant's Motion to Dismiss, the Government urges this Court to adopt the reasoning and analysis of *United States v. Jennings*, 323 F.3d 263 (4th Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 531, 157 L.Ed.2d 412 (2003). In *Jennings*, the Fourth Circuit dealt with application of the civil rights restoration provision of Subsection 921(a)(33), the same provision at issue in this case. *See id.* at 266–75. The *Jennings* case involved a misdemeanor conviction under the laws of South Carolina, which restrict and automatically restore the civil rights of only a subset of misdemeanants—namely, incarcerated misdemeanants. *See id.* at 265. However, the defendant in *Jennings* was never incarcerated and, therefore, never had his civil rights restricted. As a result, he could not literally have his civil rights restored. Ultimately, Fourth Circuit in *Jennings* adopted a "literal application" of the word "restored" and concluded that misdemeanants who never have their civil rights restricted cannot qualify for the civil rights restoration exception contained in Subsection 921(a)(33). *Id.* at 275.

The *Jennings* decision discusses at length three other appellate court opinions that construed the civil rights restoration provision of Subsection 921(a)(33) in light of state laws that have no provisions for

2.  In his Reply, Defendant also argues that this Court could rely on the reasoning of *Fraternal Order of Police v. United States*, 152 F.3d 998 (D.C.Cir.1998) (*See* Def.'s Reply (Docket # 41) at 2.) Notably, this decision by the D.C. Circuit was ultimately reversed upon rehearing. *See Fraternal Order of Police v. United States*, 173 F.3d 898 (D.C.Cir.1999), *cert. denied*, 528 U.S. 928, 120 S.Ct. 324, 145 L.Ed.2d 253 (1999).

restricting the civil rights of misdemeanants. *See id.* at 272–74 (discussing and citing *United States v. Smith,* 171 F.3d 617 (8th Cir.1999), *United States v. Hancock,* 231 F.3d 557 (9th Cir.2000) and *United States v. Barnes,* 295 F.3d 1354 (D.C.Cir. 2002)). These cases were all decided after *Indelicato* and address precisely the same question presented by this Defendant. In short, the Court finds the reasoning contained in both the *Jennings* decision and these three other appellate court decisions persuasive and adopts the same plain language reading of the civil rights restoration provision of 18 U.S.C. § 921(a)(33)(B)(ii). *See Jennings,* 323 F.3d at 266–75; *Barnes,* 295 F.3d at 1368; *Hancock,* 231 F.3d at 566–67; *Smith,* 171 F.3d at 623–26.

Although Defendant advocates for the application of the First Circuit precedent of *Indelicato,* there is a substantive difference in the statutory language of the civil rights restoration provisions at issue in *Indelicato* (Subsection 921(a)(20)) and the civil rights restoration provision at issue here (Subsection 921(a)(33)). Specifically, after "has had civil rights restored" Subsection 921(a)(33) includes the following parenthetical: "(if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)." 18 U.S.C. § 921(a)(33)(B)(ii). To apply the reasoning of *Indelicato* to the civil rights restoration provision of Section 921(a)(33) would result in the Court giving no meaning to˙this parenthetical. Rather, application of *Indelicato* to the statutory language at issue

here would require the Court to essentially disregard the parenthetical. However, the parenthetical speaks directly to the set of facts presented by this case: Stedt was convicted in a jurisdiction that does not have any laws providing for the loss if civil rights based upon a misdemeanor assault conviction. The plain language of the statute suggests that Congress intended for the civil rights restoration provision to apply only "if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense." 18 U.S.C.A. § 921(a)(33)(B)(ii). In short, the difference in the plain language of Section 921(a)(20) and Section 921(a)(33)(B)(ii) warrants a different result. *Cf. United States v. Nason,* 269 F.3d 10, 17 (1st Cir. 2001) ("[W]hen Congress inserts limiting language in one section of a statute but abjures that language in another, closely related section, the usual presumption is that Congress acted deliberately and purposefully . . . .") (citations omitted).

The First Circuit has noted that the plain language of a statute "can be made more (or less) compelling by a frank consideration of possible alternatives." *United States v. Meade,* 175 F.3d 215, 220 (1st Cir.1999). The alternative proposed by Defendant would require the Court to treat all persons convicted of misdemeanors in Maine as having their civil rights restored. Thus, no misdemeanor conviction under Maine law could ever serve as a predicate offense under 18 U.S.C. § 922(g)(9).[3] This end result would essentially render the prohibition contained in

---

**3.** The Court acknowledges that the plain language reading it adopts here does not address the problem of misdemeanants convicted in jurisdictions that restrict the civil rights of some misdemeanants and then automatically reinstate those rights a short time later. *See, e.g., United States v. Jennings,* 323 F.3d 263, 265 (4th Cir.2003) (explaining that under South Carolina law Jennings essentially

would have qualified for civil rights restoration if he had been sentenced to a term of imprisonment); *United States v. Wegrzyn,* 305 F.3d 593, 595 (6th Cir.2002) (explaining that Michigan law restricts the voting rights of incarcerated individuals but automatically restores these rights upon release). Maine law, however, does not present this problem.

18 U.S.C. § 922(g)(9) meaningless in this jurisdiction as well as all other jurisdictions that do not restrict the civil rights of misdemeanants. *See Smith*, 171 F.3d at 623–24 (noting that "almost all misdemeanants would fit within the exception and the exception would swallow the rule"). The Court declines to adopt this alternative in light of the plain language of the parenthetical.

For the reasons just stated, the Court DENIES Defendant's Motion to Dismiss.

SO ORDERED.